IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE D. GODFREY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-CV-496-SMY-RJD |
| PAMELA SCOTT, LACY REAMS, RICHARD HARRIS, and BRUCE GUTREUTER, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Terrance Godfrey, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). More specifically, Plaintiff alleges that Defendants Gutreuter and Harris subjected him to excessive force while he was attempting to escape from custody, and failed to ensure he received medical treatment for the injuries they caused. Plaintiff also alleges that Defendants Scott and Reams violated the Eighth Amendment by posting or commenting on a nude photo of him online.

This matter is now before the Court on an "Emergency Letter" filed by Plaintiff, construed by the Court as a motion for temporary restraining order or preliminary injunction (Doc. 49). For the following reasons, Plaintiff's Motion is **DENIED**.

Plaintiff's motion for injunctive relief alleges that individuals at his current institution, Pontiac Correctional Center ("Pontiac"), are retaliating against him by stealing his legal documents for this case. In particular, Plaintiff asserts his legal documentation has been taken in

order to stop him from writing attorneys for legal assistance. He also generally alleges that officials at Pontiac are harassing, torturing, and assaulting him, but he does not offer any details or facts to support these allegations. Plaintiff asks the Court to order Pontiac prison officials to transfer him to Dixon Correctional Center to keep him safe.

A Temporary Restraining Order ("TRO") may issue without notice only if: (1) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b).

A preliminary injunction is also an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* Additionally, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction binds only the parties, their officers or agents, or persons in active concert with the parties or their agents.

The Court finds that Plaintiff has failed to demonstrate that a TRO and/or preliminary injunction is warranted in this case. Notably, there is no apparent relationship between the facts and allegations contained in Plaintiff's motion and those in the Complaint. Indeed, the only defendants in this case are Pamela Scott, Lacy Reams, Richard Harris, and Bruce Gutreuter, who are not mentioned in Plaintiff's motion. Moreover, Defendants were or are employed at Menard, while Plaintiff is currently housed at Pontiac. As the main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held," *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), it is not clear how the relief Plaintiff seeks would accomplish such purpose.

A motion for preliminary injunction is not a proper avenue to pursue additional claims or to name additional defendants. Although Plaintiff contends his legal documents in this case have been stolen, this circumstance does not appear to have prevented him from pursuing his claims as he has been actively litigating this matter and recently sought an entry of default and default judgment against defendants. Finally, because Plaintiff is no longer incarcerated at Menard, an injunction directed at employees of Menard would be ineffective to accomplish Plaintiff's goals. If Plaintiff wishes to pursue claims against staff at Pontiac, he is not without recourse – he may file a new lawsuit if appropriate.

**IT IS SO ORDERED.**

**DATED: April 25, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
