IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE D. GODFREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-496-SMY-RJD |
| | ) |
| PAMELA SCOTT, LACY REAMS, | ) |
| RICHARD HARRIS, and BRUCE | ) |
| GUTREUTER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court are the following motions: Motion to Vacate Entry of Default (Doc. 54) and Motion for Extension of Time (Doc. 55) filed by Defendants Pamela Scott, Bruce Gutreuter, Richard Harris, and Lacy Reams; and Motion for Default Judgment filed by Plaintiff Terrance Godfrey (Doc. 51). For the following reasons, the Court **GRANTS** Defendants' motions, **VACATES** the Entry of Default against them, and **DENIES** Plaintiff's Motion for Default Judgment.

Godfrey's Complaint, brought pursuant to 42 U.S.C. §1983, was initially dismissed by the Court for his failure to adhere to the requirements of Rule 8 of the Federal Rules of Civil Procedure (Doc. 7). He was granted leave to file an amended complaint, but failed to do so within the time prescribed by the Court. As a result, Plaintiff's lawsuit was dismissed with prejudice (Doc. 14). Following an appeal of the Court's dismissal, this case was remanded for further proceedings and the Court conducted a threshold review under 28 U.S.C. §1915A on January 2, 2018 (Doc. 40). Plaintiff was allowed to proceed on the following claims:

    Count One:     On April 25, 2015, Lieutenant Gutreuter and Sergeant Harris subjected Plaintiff to excessive force in violation of the Eighth Amendment.

Count Two: On April 25, 2015, Lieutenant Gutreuter and Sergeant Harris showed deliberate indifference to Plaintiff's serious medical needs resulting from the alleged excessive force, in violation of the Eighth Amendment.

Count Three: Eighth Amendment claim against Sergeant Scott and Correctional Officer Reams for their conduct in connection with posting a nude photo of Plaintiff online and/or commenting on the same.

The record in this case shows that requests for waivers of service were sent to Defendants Gutreuter, Harris, Reams, and Scott on January 4, 2018 (Docs. 41-44). Defendants' waivers were returned executed and they were given an Answer deadline of March 5, 2018 (Docs. 46-47). Defendants did not file a timely Answer.

Godfrey sought an entry of Default (Doc. 50) from the Clerk of Court that was entered on March 8, 2018 (Doc. 53). Godfrey also moved for default judgment in a separate filing on March 6, 2018 (Doc. 51). Defendants entered their appearance on March 7, 2018 (Doc. 52) and filed the present motion to vacate on March 21, 2018 (Doc. 54).

In seeking to vacate the entry of default against them, Defendants assert that counsel for Defendants was not assigned until March 6, 2018, and that their failure to file a timely Answer was due to the time it took the Office of the Illinois Attorney General and the Illinois Department of Corrections to assess the merits of the case and to determine that the Attorney General's Office would represent the defendants. Defendants also argue that they have a meritorious defense based on the *Heck* doctrine, and because the actions of Gutreuter and Harris were justified based on a good faith effort to restore order and discipline.

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an Entry of Default for good cause. In order to obtain a vacation of an Entry of Default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted).

Here, Defendants have shown good cause for their default.  They have explained that their failure to file a timely Answer was due to the actions of the Illinois Attorney General's Office and the Illinois Department of Corrections; not a lack of due diligence on their part.[1]  Defendants also acted quickly in seeking to correct the mistake, filing the current motion, as well as a motion for extension of time to file an Answer soon after the default was entered.  Further, Defendants have sufficiently demonstrated that they have a meritorious defense to Plaintiff's Complaint.  Accordingly, Defendants' Motion to Vacate Entry of Default (Doc. 54) is **GRANTED**.  The entry of default is hereby **VACATED**.  Defendants' Motion for Extension of Time (Doc. 55) is also **GRANTED**.  Given the length of Plaintiff's Complaint (approximately 160 pages, including exhibits), Defendants are **GRANTED** an extension of time, up to and including **May 4, 2018**, to file their Answers.  Because the entry of default has been vacated, Plaintiff's Motion for Default Judgment is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  April 25, 2018**

                                            **s/ Staci M. Yandle**
                                            **STACI M. YANDLE**
                                            **United States District Judge**

---

[1] Parties may be held liable for the negligence or dereliction of their attorneys in meeting court-ordered deadlines or otherwise failing to act.  However, the Court will not hold the defendants responsible for the actions of the Illinois Attorney General's Office under the circumstances in this case.