IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE D. GODFREY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-496-SMY |
| | ) |
| BRYAN EASTON, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiff Terrance D. Godfrey (Doc. 196) and Defendants Bruce Gutreuter and Richard Harris (Doc. 198).

Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Often, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which

may be developed there.  *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).  With these principles in mind, the Court rules as follows.

### Plaintiff's Motions *in Limine* (Doc. 196)

1. Plaintiff moves to bar evidence relative to prior convictions and criminal history. The motion is **DENIED in part**.  Evidence that Plaintiff is a convicted felon is relevant to the issue of credibility should he testify.  However, details regarding the number or nature of the convictions and his criminal history will be excluded pursuant to F.R.E. 403.

2. Plaintiff moves to bar references to and/ evidence regarding any disciplinary action unrelated to Plaintiff's claims herein. Disciplinary actions unrelated to Plaintiff's claims is immaterial and irrelevant.  Accordingly, the motion is **GRANTED**.

3. Plaintiff moves to bar any jail telephone calls.  The motion is **GRANTED without objection**.

4. Plaintiff moves to bar reference to the State of Illinois, Prisoner Review Board or the Illinois Department of Corrections financial status, budget, or insurance status.  The motion is **GRANTED without objection**.

5. Plaintiff moves to bar Defendants and defense counsel from offering irrelevant character testimony about litigation history.  The motion is **GRANTED without objection**.

6. Plaintiff moves to exclude non-party witnesses from the Courtroom.  The motion is **GRANTED without objection**.

7. Plaintiff moves to exclude evidence regarding "over-crowded courtrooms."  The motion is **GRANTED without objection**.

8. Plaintiff moves to exclude comments, testimony, evidence or argument portraying the jurors as taxpayers or as footing the bill of a potential verdict against Defendants.  The motion is **GRANTED without objection**.

9. Plaintiff moves to bar evidence regarding Plaintiff's financial incentives. The motion is **GRANTED without objection**.

10. Plaintiff moves to bar evidence relating to damages being lowered based on the length of his incarceration. The motion is **GRANTED**.

11. Plaintiff moves to bar evidence relating to causation of Plaintiff's eye injuries from non-disclosed experts. The motion is **GRANTED** as to non-disclosed experts and **DENIED** as to Sumit P. Bhatia, M.D., Peter H. Kehoe, OD, Pam Hanna, RN and Rebecca Stefani, RN who were previously disclosed in Defendants' Rule 26(a)(2)(C) expert disclosures.

12. Plaintiff moves to bar lay witnesses, including nurses and prison staff, from offering medical opinions. Witnesses unqualified to offer medical opinions will be prohibited from providing medical opinions. However, qualified witnesses properly disclosed by Defendants will be allowed to provide medical opinions. Accordingly, the motion is **GRANTED in part**.

13. Plaintiff moves to bar use of Plaintiff's mugshot. The motion is **DENIED**.

14. Plaintiff moves to bar Plaintiff from wearing visible shackles, restraints, and prison clothing during trial. The motion is **GRANTED**.

### *Defendants' Motions in Limine (Doc. 198)*

1. Defendants move to bar Plaintiff and his witnesses from testifying at trial regarding the causation of any medical or mental health condition. Plaintiff will not be allowed to present any witness testimony regarding medical causation. However, Plaintiff may testify as to his symptoms following the incident. Accordingly, the motion is **GRANTED**.

2. Defendants move bar Plaintiff from offering the inadmissible hearsay statements of any medical or mental health professionals. The motion is **GRANTED**.

3. Defendants move to bar Plaintiff from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendants. The motion is **GRANTED without objection**.

4. Defendants move to bar Plaintiff from offering evidence or testimony of other lawsuits involving Defendants. Any evidence regarding other lawsuits is irrelevant and immaterial. Accordingly, the motion is **GRANTED**.

5. Defendants move to bar Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against Defendants. The motion is **GRANTED**.

6. Defendants move to bar Plaintiff from offering evidence or testimony referencing any "golden rule" appeal. The motion is **GRANTED without objection**.

7. Defendants move to bar Plaintiff from offering his own grievances as evidence. Plaintiff's grievances are irrelevant. Therefore, the motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  August 3, 2022**

**STACI M. YANDLE**
**United States District Judge**