IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE D. GODFREY, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 16-cv-496-SMY |
| BRYAN EASTON, et al., ) | |
| Defendants. ) | |

# ORDER

**YANDLE, District Judge:**

Pending before the Court are the deposition designations, counter-designations, and objections regarding the deposition testimony of Andrew Tilden, M.D. The Court rules as follows:

### Plaintiff's Objections to Defendants' Designations

1. 31:20-23 (Hearsay, Speculation): " . . . security thought he was faking the seizures . . ."

   **OVERRULED.**

2. 33:3-11 (Hearsay, Lack of Foundation, Speculation, Non-Responsive, Narrative): "he left Menard at four, probably arrived to Pontiac between seven and eight. At that point, the nurse, if he was brought directly to the emergency room, the nurse evaluated him or the progress note, took the vital signs, which is normal procedure, and wrote his complaints, and all she'd write complaints."

   **SUSTAINED.**

3. 36:24-37:11 (Hearsay, Lack of Foundation): "Chart review shows that on 4-26, he was spilling water on the floor and was attempting to tie a noose, and they called chief psychiatrist, Dr. Dempsey, who ordered emergency psychiatric medications for patient. And, obviously, at that point, he was put on a psych or suicidal watch by psych department."

   **OVERRULED.**

4. 44:17-45:3 (Legal Conclusion, Leading, Lack of Foundation): "I will represent to you that in his lawsuit, the legal filing, that Mr. Godfrey alleges that he was beaten

by two correctional officers, and as a result of the beating, he had swelling to his head and bruising and swelling on his left eye. Doctor, based on your note and your custom and practice, did you see those injuries on April 27, 2015? **A.** No. There were no such injuries, and also no swelling of the soft tissues would be shown -- earlier when he mentioned about this altercation would be shown on a CT scan as well."

**OVERRULED.**

5. 46:4-14 (Non-responsive, Speculation, Lacks Foundation): "…hey, Doc, I don't see out of my eye, I'm blind on that eye. And I found that reason -- you know, when I examined the eyes, it's pretty obvious to describe there's no vision in the eye or patient is blind, but, again, that was old probably childhood trauma, but he had some cataract surgery and total vision loss and was told by physicians that he will be blind on this eye anyways. That's the recollection of the chart review, but, again, coming back to the 4-27-15, normal examination, no bruising, no swelling. Again, patient did not say a single word about facial injuries."

**SUSTAINED.**

6. 52:19-53:4 (Calls For Speculation): "**Q**. If he had made complaints of eye or head or facial pain, would you have treated it? **A**. I would treat him, especially, you know, knowing that he has some blindness to the eye. If there would be redness or other issues involved, he would be immediately referred to see optometrist. We have a optometrist at least two to three times a week, which means within a day or two he would have been seen by optometrist, because this would be a proper management of eye trauma, if there were any."

**OVERRULED 52:19-22; SUSTAINED 52:23-53:4.**

### Defendants' Objections to Plaintiff's Counter Designations

1. 7:21-24 (relevance, prejudicial)– Q.  Are you represented by an attorney today? A.  Yes.  Q.  Do you know when he became your attorney? -
It can be an estimate. It doesn't have to be exact.

**OVERRULED.**

2. 8:1-16 (irrelevant, prejudicial) A.  Well, for over a month, I have communication and, you know, emails and I had printed pages from specific dates regarding Mr. Godfrey's condition. Q.  Did you have any conversations with him about this deposition, with your attorney? MR. RAMAGE: You can answer that. Just don't go into what the conversations were.  A.  Yeah.  In general about patient's status on arrival to our Pontiac Correctional Center, general discussion, but mostly, I obtained information from the progress notes which I wrote and/or written at time of patient's arrival to Pontiac and afterwards.BY MS. LAING) Great.  Have you spoken to anyone else about this case?  A.  No.

**OVERRULED.**

3. 9:4-24; 10:1-9  irrelevant, although may have been sued, no evidence of guilt or liability.

**OVERRULED**.

4. p. 17-18 – irrelevant – medication is not in issue.

**OVERRULED.**

**IT IS SO ORDERED.**

**DATED:  August 14, 2022**

*Staci M. Yandle*

**STACI M. YANDLE**
**United States District Judge**