IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE D. GODFREY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-496-SMY |
| ) | |
| BRYAN EASTON, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

**YANDLE, District Judge:**

Pending before the Court are the deposition designations, counter-designations, and objections regarding the deposition testimony of Peter Kehoe, M.D. The Court rules as follows:

### Plaintiff's Objections to Defendants' Designations

1. 12:13-20 (Lack of Foundation): "As an optometrist, do you diagnose abnormalities of someone's eye? A. Yes. MR. SINHA: Objection, lack of foundation as to abnormalities. MS. TOLBERT: You can answer, Doctor. THE WITNESS: Yes, I diagnose abnormalities, yes."

   **OVERRULED.**

2. 19:21-22 (Unduly Prejudicial, Violative of Court's Order on Plaintiff's Motion in Limine No. 1) "a former IDOC inmate that you examined . . . at a couple of facilities."

   **OVERRULED.**

3. 22:8 - 47:22 (Foundation, Hearsay, Speculation, Incomplete; this entire line of questioning regards to the notes of another physician, Dr. Bielecke and is provided in narrative, not responsive to questioning) (*see* Transcript)

   **SUSTAINED: To have this witness testify to and interpret the notes and findings of Plaintiff's previous treating physicians calls for speculation and is improper.**

**Moreover, as a treating physician disclosed by the defendants as a non-retained expert, Dr. Kehoe may testify about his observations of Plaintiff made during the course of treatment, and any opinions he formed during and as part of his treatment and examination; in other words, as long as the testimony is based on his personal knowledge and was not acquired or developed in anticipation of trial. When a treating physician gives opinions beyond the scope of his own observation and treatment, he is considered a retained expert for purposes of Rule 26(a)(2). See,** ***Zurba v. United States***, **202 F.R.D. 590,592 (N.D. Ill. 2001);** ***Gomez v. Palmer***, **2016 WL 212800.**

4. 47:23 - 54:13 (Foundation, Hearsay, Speculation, Incomplete; this entire line of questioning regards to the notes of another physician, Dr. Ross and is provided in narrative, not responsive to questioning)

   **SUSTAINED: To have this witness testify to and interpret the notes and findings of Plaintiff's previous treating physicians calls for speculation and is improper. Moreover, as a treating physician disclosed by the defendants as a non-retained expert, Dr. Kehoe may testify about his observations of Plaintiff made during the course of treatment, and any opinions he formed during and as part of his treatment and examination; in other words, as long as the testimony is based on his personal knowledge and was not acquired or developed in anticipation of trial. When a treating physician gives opinions beyond the scope of his own observation and treatment, he is considered a retained expert for purposes of Rule 26(a)(2). See,** ***Zurba v. United States***, **202 F.R.D. 590,592 (N.D. Ill. 2001);** ***Gomez v. Palmer***, **2016 WL 212800.**

5. 56:8 - 66:19 (Foundation, Hearsay, Speculation, Incomplete; this entire line of questioning regards to the notes of another physician, Dr. Montwill and is provided in narrative, not responsive to questioning) (*see* Transcript)

   **SUSTAINED: To have this witness testify to and interpret the notes and findings of Plaintiff's previous treating physicians calls for speculation and is improper. Moreover, as a treating physician disclosed by the defendants as a non-retained expert, Dr. Kehoe may testify about his observations of Plaintiff made during the course of treatment, and any opinions he formed during and as part of his treatment and examination; in other words, as long as the testimony is based on his personal knowledge and was not acquired or developed in anticipation of trial. When a treating physician gives opinions beyond the scope of his own observation and treatment, he is considered a retained expert for purposes of Rule 26(a)(2). See,** ***Zurba v. United States***, **202 F.R.D. 590,592 (N.D. Ill. 2001);** ***Gomez v. Palmer***, **2016 WL 212800.**

6. 66:20 - 67:23 (Foundation, Hearsay, Speculation, Incomplete; this entire line of questioning regards to the notes of another physician, Patterson and is provided in narrative, not responsive to questioning) (*see* Transcript)

   **SUSTAINED:  To have this witness testify to and interpret the notes and findings of Plaintiff's previous treating physicians calls for speculation and is improper. Moreover, as a treating physician disclosed by the defendants as a non-retained expert, Dr. Kehoe may testify about his observations of Plaintiff made during the course of treatment, and any opinions he formed during and as part of his treatment and examination; in other words, as long as the testimony is based on his personal knowledge and was not acquired or developed in anticipation of trial. When a treating physician gives opinions beyond the scope of his own observation and treatment, he is considered a retained expert for purposes of Rule 26(a)(2). See, *Zurba v. United States*, 202 F.R.D. 590,592 (N.D. Ill. 2001); *Gomez v. Palmer*, 2016 WL 212800.**

7. 69:7 - 70:21 (Foundation, Hearsay, Speculation, Incomplete; this entire line of questioning regards to the notes of another physician, Dr. Montwill and is provided in narrative, not responsive to questioning) (*see* Transcript)

   **SUSTAINED:  To have this witness testify to and interpret the notes and findings of Plaintiff's previous treating physicians calls for speculation and is improper. Moreover, as a treating physician disclosed by the defendants as a non-retained expert, Dr. Kehoe may testify about his observations of Plaintiff made during the course of treatment, and any opinions he formed during and as part of his treatment and examination; in other words, as long as the testimony is based on his personal knowledge and was not acquired or developed in anticipation of trial.  When a treating physician gives opinions beyond the scope of his own observation and treatment, he is considered a retained expert for purposes of Rule 26(a)(2).  See, *Zurba v. United States*, 202 F.R.D. 590,592 (N.D. Ill. 2001); *Gomez v. Palmer*, 2016 WL 212800.**

8. 80:10-14 (Legal Conclusion, Mischaracterizes Pleading, Argumentative, Lack of Personal Knowledge, Foundation, Calls For Speculation): "Q. So I sent Jack a copy of the Complaint in this lawsuit, and so you're probably aware that on April 25th, 2015, Mr. Godfrey had -- had had some sort of seizure activity at Menard and was at Chester Memorial Hospital. A. Correct." –

   **QUESTION AND RESPONSE WITHDRAWN.**

9. 81:6-13 (Foundation, Speculation): "Q. Based on your knowledge of his past exams

and your exam, is the claim that Mr. Godfrey made in his Complaint, that he was blinded in his left eye as a result of excessive force on April 25th, 2015, true? A. No. Q. He was blind before that date? A. Yes."

10. **SUSTAINED: As a treating physician disclosed by the defendants as a non-retained expert, Dr. Kehoe may testify about his observations of Plaintiff made during the course of treatment, and any opinions he formed during and as part of his treatment and examination; in other words, as long as the testimony is based on his personal knowledge and was not acquired or developed in anticipation of trial. When a treating physician gives opinions beyond the scope of his own observation and treatment, he is considered a retained expert for purposes of Rule 26(a)(2). See, *Zurba v. United States*, 202 F.R.D. 590,592 (N.D. Ill. 2001); *Gomez v. Palmer*, 2016 WL 212800.**

11. 83:4-86:13 (Foundation, Hearsay; this entire line of questioning regards to the notes of another physician, Dr. Montwill) (*see* Transcript)

    **SUSTAINED: To have this witness testify to and interpret the notes and findings of Plaintiff's previous treating physicians calls for speculation and is improper. Moreover, as a treating physician disclosed by the defendants as a non-retained expert, Dr. Kehoe may testify about his observations of Plaintiff made during the course of treatment, and any opinions he formed during and as part of his treatment and examination; in other words, as long as the testimony is based on his personal knowledge and was not acquired or developed in anticipation of trial. When a treating physician gives opinions beyond the scope of his own observation and treatment, he is considered a retained expert for purposes of Rule 26(a)(2). See, *Zurba v. United States*, 202 F.R.D. 590,592 (N.D. Ill. 2001); *Gomez v. Palmer*, 2016 WL 212800.**

12. 87:2-89:24 (Foundation, Hearsay; this entire line of questioning regards to the notes of another physician, Dr. Ross) (*see* Transcript)

    **SUSTAINED: To have this witness testify to and interpret the notes and findings of Plaintiff's previous treating physicians calls for speculation and is improper. Moreover, as a treating physician disclosed by the defendants as a non-retained expert, Dr. Kehoe may testify about his observations of Plaintiff made during the course of treatment, and any opinions he formed during and as part of his treatment and examination; in other words, as long as the testimony is based on his personal knowledge and was not acquired or developed in anticipation of trial. When a treating physician gives opinions beyond the scope of his own observation and treatment, he is considered a retained expert for purposes of Rule 26(a)(2). See,**

*Zurba v. United States*, 202 F.R.D. 590,592 (N.D. Ill. 2001); *Gomez v. Palmer*, 2016 WL 212800.

13. 92:13-99:3 (Foundation, Hearsay; this entire line of questioning regards to the notes of another physician, Dr. Bhatia) (*see* Transcript).

**SUSTAINED:** To have this witness testify to and interpret the notes and findings of Plaintiff's previous treating physicians calls for speculation and is improper. Moreover, as a treating physician disclosed by the defendants as a non-retained expert, Dr. Kehoe may testify about his observations of Plaintiff made during the course of treatment, and any opinions he formed during and as part of his treatment and examination; in other words, as long as the testimony is based on his personal knowledge and was not acquired or developed in anticipation of trial. When a treating physician gives opinions beyond the scope of his own observation and treatment, he is considered a retained expert for purposes of Rule 26(a)(2). See, *Zurba v. United States*, 202 F.R.D. 590,592 (N.D. Ill. 2001); *Gomez v. Palmer*, 2016 WL 212800.

**Defendants' Objections to Plaintiff's Counter Designations:**

12: 8-12 – relevance

**OVERRULED.**

**IT IS SO ORDERED.**

**DATED:** August 15, 2022

STACI M. YANDLE
United States District Judge